UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

REGINALD MOONEY, on behalf of himself and those similarly situated,

        Plaintiffs,

vs.

DIRTBUSTERS FLEET SERVICE, INC., a Domestic Profit Corporation, and NINA M. JONES, Individually

        <u>           Defendant.</u>

CASE NO.:

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, REGINALD MOONEY, on behalf of himself and others similarly situated, files by and through their undersigned counsel, and hereby sues the Defendant, DIRTBUSTERS FLEET SERVICE, INC., a Domestic Profit Corporation, and NINA M. JONES, Individually, (hereinafter referred to as the "Defendants"), and allege as follows:

## INTRODUCTION

1. This is an action by the Plaintiff against his former employers for unpaid overtime wages, pursuant to the Fair Labor Standards Act ("FLSA") as amended, 29 U.S.C. § 216(b) (the "FLSA").

2. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

3. This action is intended to include each and every Detailer who worked for Defendants at any time within the past three (3) years.

## JURISDICTION

4. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

5. Defendant, DIRTBUSTERS FLEET SERVICES, INC., is a Domestic Profit Corporation which operates and conducts business in Clayton County, Georgia and is therefore, within jurisdiction of this court.

6. Defendant, NINA M. JONES, is an individual resident of the state

of Georgia, who, upon information and belief, resides in Clayton County, Georgia.

## VENUE

7. The venue of this Court over this controversy is proper based upon the claim arising in Clayton County, Georgia.

## PARTIES

8. Plaintiff was an auto detailer and performed related activities for Defendant in Clayton County, Georgia.

9. Plaintiff, Reginald Mooney, worked for Defendants as detailer from approximately November 1, 2013 through August 7, 2015.

10. Defendant, DIRTBUSTERS FLEET SERVICES, INC., is a full service provider of highest quality standards in the vehicle maintenance industry.

## FACTUAL ALLEGATIONS

11. Plaintiff, and those similarly situated employees, worked as detailers for Defendants and performed related activities (i.e. washing, cleaning interior and exterior of cars and busses).

12. Plaintiff was initially paid an hourly rate of seven and 25/100

dollars ($7.25) per hour in exchange for work performed.

13. Subsequently, in 2013, Plaintiff was paid an hourly rate of nine and 00/100 dollars ($9.00) per hour in exchange for work performed.

14. In 2014, Plaintiff was paid an hourly rate of ten and 00/100 dollars ($10.00) per hour in exchange for work performed.

15. From approximately February through August 2015, plaintiff was paid a flat rate per car he detailed without regard to the hours that the worked.

16. Plaintiff, and those similarly situated employees, were paid "straight time" compensation in exchange for overtime hours worked.

17. Plaintiff, and those similarly situated employees, were also paid "piece rate" compensation in exchange for work performed.

18. Plaintiff, and those similarly situated employees, traveled between job tasks or assignments in the day, but were not compensated for the travel time between jobs or assignments.

19. In addition, Defendants did not credit the amount of time that the auto detailers spent driving from on location to the other.

20. Plaintiff, and those similarly situated employees, routinely

worked in excess of forty (40) hours per week as part of their regular job duties.

21. Plaintiff worked an average of fifty (55) hours per week.

22. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiffs overtime compensation at a rate of no less than time and one half their regular rate of pay for the hours worked over forty in a workweek.

23. Specifically, Defendants failed/refused to pay its auto detailers for all hours worked.

## COVERAGE

24. The Defendant, DIRTBUSTERS FLEET SERVICES, INC., was an employer as defined by 29 U.S.C. §203 during the relevant time period (2013-16).

25. The Defendant, NINA M. JOHNSON, regularly exercised authority on behalf of DIRTBUSTERS FLEET SERVICES, INC., a during the relevant time period (2013-16).

26. Plaintiff, and those similarly situated employees, were employees of Defendants and were engaged in commerce as defined by 29 U.S.C.

§§206(a) and 207(a)(1) at all times relevant to the violations of the FLSA (2013-2016).

27. At all material times relevant to this action (2013-2016), the Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

28. At all material times relevant to this action (2013-2016), the Defendants made gross earnings of at least five hundred thousand and 0/100 dollars ($500,000.00) annually.

29. At all material times relevant to this action (2013-2016), the Defendants had two (2) or more employees engaged in interstate commerce, producing goods for interstate commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce.

30. At all material times relevant to this action (2013-2016), Defendants had two (2) or more employees routinely ordering materials or supplies from out of state vendors, and sold to out of state customers.

31. At all material times relevant to this action (2013-2016), the Defendants has been an enterprise involved in interstate commerce by

accepting payments from customers based on credit cards issued by out of state banks.

32. At all material times relevant to this action (2013-2016), the Defendants also used the telephone or computers to place and accept business calls.

### COUNT I – RECOVERY OF OVERTIME COMPENSATION VERSUS DIRTBUSTERS FLEET SERVICES, INC.

33. Plaintiff and those similarly situated employees, reincorporates and readopts all allegations contained within Paragraphs 1-32 above as though fully stated herein.

34. Throughout Plaintiff's employment, the Defendant repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff, and those similarly situated employees, at a rate not less than one and one-half times the regular rate at which they were employed for workweeks longer than forty (40) hours while it knew that overtime compensation was required by the law.

35. Specifically, Defendant failed to keep accurate time records as required by the FLSA for Plaintiff.

36. Defendant was aware Plaintiff and other detailers were entitled to overtime compensation.

37. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff, REGINALD MOONEY, and those similarly situated employees, demands judgment against Defendant, DIRSTBUSTERS FLEET SERVICE, INC., for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further.

### COUNT II - RECOVERY OF OVERTIME COMPENSATION VERSUS NINA M. JONES, INDIVIDUALLY

38. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-32 above.

39. Defendant, NINA M. JONES., is the Chief Executive Officer (CEO), acting manager and sole corporate officer of Defendant, DIRTBUSTER FLEET SERVICE, INC.

40. Defendant, NINA M. JONES., is a CEO who acted with direct control over the work, pay, and job duties of Plaintiff, and those similarly situated employees.

41. Defendant, NINA M. JONES: (1) had the power to hire and fire Plaintiffs, (2) supervised and controlled Plaintiffs' work schedules or conditions of employment, (3) determined Plaintiffs' rate and method of payment, (4) maintained employment records, and determined DIRTBUSTER FLEET SERVICE, INC'S, overtime policies.

42. As such, Defendant, NINA M. JONES., is charged with responsibility for violations of Plaintiffs' rights to overtime and resulting damages.

WHEREFORE, Plaintiff, REGINALD MOONEY, and those similarly situated employees, demands judgment against Defendant, NINA M. JONES., for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

In addition, Plaintiff seeks all damages sought above by virtue of joint and several liabilities versus Defendants DIRTBUSTER FLEET SERVICE, INC'S and NINA M. JONES.

Dated this 12th day of October, 2016.

Respectfully submitted,

/s/ ADIAN R. MILLER
Adian R. Miller, Esquire
GABN 794647
MORGAN & MORGAN, P.A.
191 Peachtree Street NE,
P.O. Box 57007
Atlanta, GA 30343-1007
Telephone: (404) 496-7332
Facsimile: (404) 496-7428
Email: ARMiller@forthepeople.com
*Attorneys for Plaintiff*